UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROLYN RIVERS,

    Plaintiff,

vs.                              CASE NO.:

ORION MANAGEMENT SERVICES,
LLC, a Foreign Limited Liability
Company, and JEREMY
HIGGINBOTHAM, Individually,

    Defendants.        /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROLYN RIVERS, by and through the undersigned attorney, sues the Defendants, ORION MANAGEMENT SERVICES, LLC, a Foreign Limited Liability Company, and JEREMY HIGGINBOTHAM, Individually, and alleges:

1. Plaintiff, ROLYN RIVERS, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, ROLYN RIVERS was an employee who worked at Defendants' property within the last three years in Brevard County, Florida.

3. Plaintiff, ROLYN RIVERS, worked for Defendants as an hourly paid employee at an hourly rate of $11.00 per hour.

4. Plaintiff, ROLYN RIVERS, worked as a laborer/landscaper for Defendants.

5. At all times material to this cause of action, Plaintiff, ROLYN RIVERS, was a non-

exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, ORION MANAGEMENT SERVICES, LLC, is a Florida for profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, ORION MANAGEMENT SERVICES, LLC, operates as a lawn maintenance and landscaping company.

8. At all times relevant to this action, JEREMY HIGGINBOTHAM was an individual resident of the State of Florida, who owned and operated ORION MANAGEMENT SERVICES, LLC, and who regularly exercised the authority to: (a) hire and fire employees of ORION MANAGEMENT SERVICES, LLC; (b) determine the work schedules for the employees of ORION MANAGEMENT SERVICES, LLC, and (c) control the finances and operations of ORION MANAGEMENT SERVICES, LLC.  By virtue of having regularly exercised that authority on behalf of ORION MANAGEMENT SERVICES, LLC,  JEREMY HIGGINBOTHAM is/was an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendants, Defendant, ORION MANAGEMENT SERVICES, LLC, earned more than $500,000.00 per year in gross sales.

12. Defendant, ORION MANAGEMENT SERVICES, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, ORION MANAGEMENT SERVICES,

LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, lawn care products, lawn chemicals, grass pallets, mowers, blowers, weed whackers, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, ORION MANAGEMENT SERVICES, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiff, ROLYN RIVERS, is individually covered under the FLSA.

### FLSA Violations

16. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. Specifically, Plaintiff was not compensated for time spent loading work vehicles at the Defendants' facility prior to leaving for the first jobsite of the day.

19. Loading the company vehicles each morning was an integral part of the shift each morning as materials required for the day were specific to the jobsite they were working on.

20. Additionally, Plaintiff was not compensated for the drive time to the first jobsite each day despite routinely loading the work vehicle in the morning.

21. Plaintiff often had to commute in the company vehicle from the Defendant's facility to the first jobsite over an hour away each day.

22. Plaintiff was required to commute to the first jobsite in a company vehicle.

23. It would be unreasonable for employees of Defendants to commute themselves over an hour away each way to the jobsite(s).

24. When factoring in the unrecorded work described above, Plaintiff routinely worked in excess of forty (40) hours per week.

25. Plaintiff is entitled to full time and one-half his regular rate of pay for all hours worked in excess of forty (40) per week.

26. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though stated fully herein.

29. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

30. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Plaintiff was not compensated for all the overtime hours worked during his employment with Defendants.

32. Specifically, Defendants would not record Plaintiff's work done prior to setting out for the first job site or the lengthy commute to the first jobsite.

33. Defendants have failed provide accurate overtime compensation for numerous pay

periods.

34. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

35. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ROLYN RIVERS demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 29th day of June, 2020

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
*Attorneys for Plaintiff*